UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  8:22-cv00837-MWF-PD                                                   Date: April 26, 2022

Title     *Safa Nabavi Noori v  Department of Children Family Services Orange County*

Present: The Honorable:  Patricia Donahue, United States Magistrate Judge

| Isabel Martinez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**  **(In Chambers) Order to Show Cause Why the Magistrate Judge Should Not Recommend That Plaintiff's Request to Proceed In Forma Pauperis Be Denied**

    Plaintiff Safa Nabavi Noori ("Plaintiff") seeks to proceed *in forma pauperis* ("IFP") with a Complaint under 42 U.S.C. § 1983 against Defendant Department of Children Family Services Orange County ("Defendant"). [Dkt. Nos. 1, 2.] According to the Complaint, Plaintiff's special needs son was abducted in June 2014 by Defendant from "what was supposed to be a safe location." [*Id*. at 5.] Plaintiff alleges that without any evidence of child abuse or neglect, his son was detained by Defendant and placed in a foster home for eight years. [*Id*.] Despite Plaintiff's efforts and relentless fight against Defendant and the Orange County Juvenile and Dependency Court, his son was kept away from him for eight years. [*Id*.]

    Plaintiff alleges that he and his son were denied their constitutional and First Amendment rights and are now seeking justice as victims of misconduct and corruption by "organizations that openly violate innocent people's right[s] and follow no rules." [*Id*.] Plaintiff alleges that to this day, Defendant has "failed to determine the nature of abuse or neglect that I was accused of without any cause [and] any evidence." [*Id*.] Plaintiff alleges that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv00837-MWF-PD                                         Date: April 26, 2022

Title     *Safa Nabavi Noori v  Department of Children Family Services Orange County*

the actions taken by Defendant show no regard for the law and due process, and their false allegations have tarnished his reputation and ruined him personally and financially.  [*Id*.]  Plaintiff alleges that Defendant breached its duties and failed to establish and follow the proper constitutional policies.  [*Id*. at 6.]  Plaintiff seeks compensatory and statutory damages, along with injunctive relief.  [*Id*. at 3.]

## A.   Standard of Review

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by a person proceeding in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915 is subject to a mandatory review and dismissal by the court to the extent it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint should be dismissed at screening, the Court applies the same standard as applied in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015).  Under that standard, "a complaint must contain sufficient factual matter, accepted as true" and viewed in the light most favorable to the nonmoving party, "to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This does not require "detailed factual allegations," but it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id*.  The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Because Plaintiff is proceeding pro se, the Court construes the Complaint liberally.  *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  8:22-cv00837-MWF-PD                                                  Date: April 26, 2022

Title     *Safa Nabavi Noori v  Department of Children Family Services Orange County*


**B.     Discussion**

Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a).  While Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege factual allegations to provide "fair notice" of both the particular claim being asserted and "the grounds upon which [the particular claim] rests."  *Bell Atlantic Corp.,* 550 U.S. at 555 & n.3 (citation and quotation marks omitted).  If a complaint does not clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued, on which theory, and what relief is being sought against them, the complaint fails to comply with Rule 8.  *See*, *e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (a complaint must make clear "who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *Exmundo v. Kane*, 553 Fed. App'x 742, 743 (9th Cir. 2014) (affirming district court dismissal of Section 1983 claims where plaintiff's allegations "were unclear as to the timing and nature of [the defendant's] actions").

   **1.     Section 1983 Claims**

To establish liability under Section 1983, a plaintiff must demonstrate that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights.  42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).  Liability under section 1983 arises only upon a showing of personal participation by the defendant.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).  There is no vicarious liability in Section 1983 lawsuits.  *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009).  Hence, a government official – whether subordinate or supervisor – may be held liable under Section 1983 only when his or her own actions have caused a constitutional deprivation.  *See Iqbal*, 556 U.S. at 676.  Allegations regarding Section 1983 causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv00837-MWF-PD            Date: April 26, 2022

Title     *Safa Nabavi Noori v Department of Children Family Services Orange County*

alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted).

### 2. *Monell* Claim

To the extent that Plaintiff seeks to bring a *Monell* claim against Defendant regarding the purported abduction and detainment of his son, he has failed to state sufficient facts. In order to bring a § 1983 claim against a local governmental entity, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains. *Monell v. Department of Social Services of New York*, 436 U.S. 658, 694 (1978). The plaintiff must show: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citations and internal quotation marks omitted).

Plaintiff has failed to allege non-conclusory facts plausibly suggesting that a County policy, practice, or custom is the cause of—the "moving force" behind—Plaintiff's alleged constitutional injuries. *See Monell,* 436 U.S. at 690-91.

### 3. *Rooker-Feldman* Doctrine

Further, it appears that this lawsuit is barred by the *Rooker-Feldman* doctrine.[1] Under this doctrine, "state court losers" are barred from pursuing actions in federal court to undo the decisions of the state courts. *Exxon Mobil Corp. v. Saudi Basic Inds. Corp.*, 544 U.S. 280, 284 (2005); *Gomez v. San Diego Family Ct.*, 388 F. App'x 685 (9th Cir. 2010) (affirming dismissal of

---

[1] The *Rooker-Feldman* doctrine takes its name from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District Court of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv00837-MWF-PD                              Date: April 26, 2022

Title    *Safa Nabavi Noori v  Department of Children Family Services Orange County*

action challenging a state court child custody decision under the *Rooker-Feldman* doctrine because the action was "a 'forbidden de facto appeal' of a state court decision, and raise[d] constitutional claims that [were] 'inextricably intertwined' with that prior state court decision") (quoting *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003)).  Thus, where, as here, a Plaintiff's claims are "inextricably intertwined" with the state court's decision such that a ruling in the Plaintiff's favor would undermine the state court's ruling, "the federal complaint must be dismissed for lack of subject matter jurisdiction."  *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).  It is immaterial that Plaintiff is not directly challenging the state court decision but has framed his claim as a constitutional challenge in which he is seeking relief from the decision.  *Id.* at 901 n.4.  As the Ninth Circuit explained in *Bianchi*, the *Rooker-Feldman* doctrine "bars federal adjudication of any suit in which a plaintiff alleges an injury based on a state court judgment and seeks relief from that judgment . . . ."  *Id.*

Disputes over child custody, such as the state court proceedings at issue here, fall squarely within the *Rooker-Feldman* bar.  *See, e.g., Moor v. Cnty. of Butte*, 547 Fed. App'x 826, 829 (9th Cir. 2013) (affirming dismissal of suit concerning state court divorce and child custody proceedings on *Rooker-Feldman* grounds); *Sareen v. Sareen*, 356 Fed. App'x 977 (9th Cir. 2009) (affirming dismissal of action alleging constitutional violation in state court child custody action on *Rooker-Feldman* grounds). Further, as long as the state juvenile proceedings are still ongoing, they require federal abstention under *Younger v. Harris*, 401 U.S. 37, 45 (1971), to avoid federal interference with ongoing state proceedings.

**C.    Order**

For the reasons stated above, Plaintiff is **ORDERED TO SHOW CAUSE** why his IFP application should not be denied—and his complaint accordingly dismissed—for failure to state actionable claims. *See* 28 U.S.C. § 1915(e)(2)(B).  To discharge and satisfy this order, Plaintiff can either (1) file

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv00837-MWF-PD                                             Date: April 26, 2022

Title       *Safa Nabavi Noori v  Department of Children Family Services Orange County*

an amended complaint—entirely superseding the original Complaint—if he can cure the factual and legal deficiencies outlined in the order, or (2) voluntarily dismiss the action—without prejudice to refiling later if justified—using the attached form CV-09.  Otherwise, he can stand on the original Complaint with no changes by filing a response with an explanation why he thinks the reasoning in this Order is wrong.[2]  Plaintiff must do one of these things by no later than **May 9, 2022**.

If, given the contents of this Order, Plaintiff elects not to proceed in this action, he may expedite matters by signing and returning the **attached Notice of Dismissal by May 9, 2022** which will result in the voluntary dismissal of this action without prejudice.

**Plaintiff is cautioned that, absent further order of the Court, his failure to timely file a First Amended Complaint or Notice of Dismissal may result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute.**

**Finally, the Clerk is directed to provide a Central District of California Civil Rights Complaint Form, CV-66, to Plaintiff to facilitate his filing of a First Amended Complaint if he elects to proceed in that fashion.**

|  | : |
|---|---|
| Initials of Preparer | im |

---

[2] Because it provides these options, this order is non-dispositive and thus not immediately appealable.  *See* Fed. R. Civ. P. 72(a); 28 U.S.C.  § 636(b)(1)(A); *McKeever v. Block*, 932 F.2d 795, 799 (9th Cir. 1991).