UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  8:22-cv-00837-MWF-PD                          Date: June 10, 2022

Title    *Safa Nabavi Noori v Department of Children Family Services Orange County*

Present: The Honorable:  Patricia Donahue, United States Magistrate Judge

| Isabel Martinez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** **(In Chambers) Order to Show Cause Why Court Should Not Recommend (1) Denial of Request to Proceed Without Prepayment of Filing Fees; and (2) Dismissal of First Amended Complaint as Barred By the Statute of Limitations**

The Court orders Plaintiff to show cause on or before **July 11, 2022**, why this Court should not recommend dismissal of her First Amended Complaint as barred by the statute of limitations and denial of her request to proceed without prepayment of filing fees.

A.    **Procedural History**

On April 20, 2022, Plaintiff Safa Nabavi Noori ("Plaintiff") filed a Complaint pursuant to 42 U.S.C. § 1983 against Defendant Department of Children Family Services Orange County ("Defendant"). [Dkt. No. 1.] According to the Complaint, Plaintiff's special needs son was abducted in June 2014 by Defendant from "what was supposed to be a safe location." [*Id.* at 5.] Plaintiff alleges that her constitutional rights were violated, and that Defendant breached its duties and failed to establish and follow proper policies. [*Id.* at 6.] Plaintiff seeks compensatory and statutory damages, along with injunctive relief. [*Id.* at 3.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv-00837-MWF-PD                                                    Date: June 10, 2022

Title        *Safa Nabavi Noori v  Department of Children Family Services Orange County*

On April 26, 2022, the Court issued an Order to Show Cause ("OSC") why the Magistrate Judge should not recommend that Plaintiff's IFP Request be denied.  [Dkt. No. 5.]  The Court screened the Complaint and dismissed it for: (1) failing to adhere to Rule 8 of the Federal Rules of Civil Procedure; (2) failing to state a cognizable constitutional claim under 42 U.S.C. § 1983; (3) failing to state a *Monell* claim; and (4) appearing to be barred by the *Rooker-Feldman* doctrine.[1] [*Id*.]   Plaintiff was granted leave to file an amended complaint if she could cure the factual and legal deficiencies outlined in the OSC.

On April 29, 2022, Plaintiff filed an "amended complaint" against the Orange County Department of Social Services.  [Dkt. No. 6.]  The "amended complaint" contained few allegations.  [*Id*. at 1-2.] Plaintiff attached a copy of the Juvenile Dependency Petition filed on June 24, 2014, in the Orange County Superior Court Case No. DPO22713-002, as an exhibit. [*Id*. at 9-39.]

On May 3, 2022, Plaintiff filed a First Amended Complaint (the "FAC"). [Dkt. No. 11.]  The FAC names Daniel McKinnis ("McKinnis"), a social worker at the Department of Children and Family Services in Orange County, as the sole Defendant.  [*Id*. at 3.]  Plaintiff alleges that the Department of Social Services of Orange County violated her rights under the Fourth and Fourteenth Amendments by removing her son for no valid reason.  [*Id*. at 5.]  Plaintiff alleges that following an incident on June 22, 2014, she requested the Yorba Linda Sheriff's Department to take her son to a shelter for the night because she was "unable to attend him." [*Id*.]  Plaintiff alleges that the Sheriff's Department, without due process, removed her son and ignored her parental rights.  [*Id*. at 5-6.]

Plaintiff alleges that Defendant McKinnis knowingly and intentionally overlooked the "high bar of proving a parent's unfitness" and used his

---

[1] The *Rooker-Feldman* doctrine takes its name from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District Court of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:22-cv-00837-MWF-PD                    Date: June 10, 2022

Title    *Safa Nabavi Noori v Department of Children Family Services Orange County*

authority to violate Plaintiff's parental rights.  [*Id.*]  Plaintiff alleges that the Department of Social Services' reason for detaining her son was based on a preposterous allegation that Plaintiff was suicidal or homicidal. [*Id.* at 7.] Plaintiff alleges that there was no discussion by the Department regarding her son being harmed in any manner. [*Id.*]  Plaintiff alleges that the Department separated her from her son based on the "mere possibility of a danger."  [*Id.*]

## B.    Standard of Review

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by a person proceeding in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915 is subject to a mandatory review and dismissal by the court to the extent it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In determining whether the FAC should be dismissed at screening, the Court applies the same standard as applied in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015).  Under that standard, "a complaint must contain sufficient factual matter, accepted as true" and viewed in the light most favorable to the nonmoving party, "to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This does not require "detailed factual allegations," but it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.*  The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Because Plaintiff is proceeding pro se, the Court construes the FAC liberally.  *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  8:22-cv-00837-MWF-PD                                     Date: June 10, 2022

Title        *Safa Nabavi Noori v  Department of Children Family Services Orange County*

**C.      Discussion**

**1.      Plaintiff's Claims Appear Barred by the Two-Year Statute of Limitations**

It appears that Plaintiff's lawsuit is barred by the statute of limitations on the face of the FAC.[2]  Federal courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling.  See *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). The limitations period in California for such actions is two years.  See Cal. Civ. Proc. Code § 335.1.  A cause of action under 42 U.S.C. § 1983 accrues, "and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace v. Kato*, 549 U.S. 384, 391 (2007); *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015) ("Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action.").

Here, Plaintiff's claims arose on June 22, 2014, when her son was removed from her care and her constitutional rights were purportedly violated.  [Dkt. No. 11 at 3, 5-6.]  Consequently, Plaintiff had until June 22, 2016, to file this lawsuit.  Plaintiff filed her Complaint on April 20, 2022, almost five years and ten months too late.  For that reason, it is subject to dismissal.

---

[2] Although the statute of limitations is an affirmative defense that normally may not be raised by the court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleadings or the court's own records. See *Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984); *Tate v. U.S.*, 13 Fed. Appx. 726 (9th Cir. 2001) (dismissal of an in forma pauperis complaint was proper where running of the statute of limitations was apparent on the face of the pleadings).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  8:22-cv-00837-MWF-PD                                   Date: June 10, 2022

Title        *Safa Nabavi Noori v Department of Children Family Services Orange County*

### ORDER

For the foregoing reasons, **IT IS ORDERED THAT** Plaintiff shall show cause in writing, by no later than **July 11, 2022**, why the Court should not recommend that the First Amended Complaint be dismissed as barred by the statute of limitations and that Plaintiff's request to proceed without prepayment of fees be denied.

If Plaintiff fails to file a response to this order to show cause on or before **July 11, 2022**, this Court may recommend that the First Amended Complaint be dismissed as facially barred by the statute of limitations and that Plaintiff's request to proceed without prepayment of fees be denied.

If, given the contents of this Order, Plaintiff elects not to proceed in this action, she may expedite matters by signing and returning the attached **Notice of Dismissal by July 11, 2022,** which will result in the voluntary dismissal of this action without prejudice.

**Attachments**:
--Notice of Voluntary Dismissal (CV-09)

:
im